UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

AMERICAN COASTAL INSURANCE
COMPANY, as subrogee of Eagle Ridge
Condominium Association, Inc.,
FEDNAT INSURANCE COMPANY, as
subrogee of Denise Talt & Todd and
Cathleen Lentz, and DENISE TALT,
individually,

      Plaintiffs,

v.                                             Case No.: 2:19-cv-180-FtM-99MRM

ELECTROLUX HOME PRODUCTS,
INC.,

      Defendant.
_____/

## OPINION AND ORDER[1]

This matter comes before the Court on Defendant's Motion to Dismiss (Doc. 9) filed on March 29, 2019. Plaintiffs filed Responses in Opposition (Docs. 28, 29) on April 26, 2019. For the reasons set forth below the Motion is granted in part with leave to amend.

This is a products liability case stemming from a fire allegedly caused by Defendant's product. The case was originally filed in state court before Defendant removed the case based on diversity jurisdiction on March 22, 2019. (Doc. 1). Defendant

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

moves to dismiss in part because the Complaint (Doc. 4) is a shotgun pleading as each count is brought by Plaintiffs collectively and only contain general allegations regarding all three Plaintiffs. In response, Plaintiff American Coastal Insurance Company acknowledges that Count II should be dropped (Doc. 27, Doc. 28, n.2) and plaintiffs otherwise request leave to amend if the Court finds the Complaint deficient. *See Perry v. Schumacher Grp. of Louisiana*, 891 F.3d 954, 958 (11th Cir. 2018) (in order to dismiss a single claim but not the entire action, the "most obvious" way is to seek leave to amend).

### A. Shotgun Pleading

Complaints that violate Rules 8(a)(2) and 10(b) are commonly called "shotgun pleadings." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). Federal Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Federal Rule 10 states that "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence...must be stated in a separate count or defense." The Eleventh Circuit has found four types of shotgun pleadings:

> The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

*Id.* at 1321-23. All four types are deficient because "they fail to one degree or another ...to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

Against this backdrop, Defendant argues that the Complaint should be dismissed because each count incorporates the "General Allegations" section into each count. This is permissible. The Complaint does not incorporate previous counts into each count, which would be an impermissible shotgun pleading.

Defendant next argues that the Complaint is a shotgun pleading because each count is brought collectively by all *Plaintiffs*. This argument does not fit into a *Wieland* shotgun pleading type, but this Court has recognized that the interests of clarity standard under Fed. R. Civ. P. 10(b) can be advanced by joining multiple plaintiffs in a single claim based on a pattern of behavior that caused injuries. *See Continental 332 Fund, LLC v. Albertelli*, 317 F. Supp. 3d 1124, 1139 (M.D. Fla. 2018). Defendant does not meaningfully contest that the claims arise out of the same transaction or occurrence for shotgun pleading purposes. But they contend they have not received adequate notice because there are virtually no allegations pertaining to ACIC, the Condo Association, or FedNat. Not so. The General Allegations section (which is incorporated into each count) contains very specific allegations as to the damages suffered by each Plaintiff. (Doc. 4, at 5-6). Defendant's actions are spelled out, as is how each Plaintiff was affected. Therefore, the Court finds that the interests of clarity are served by including multiple Plaintiffs in each count. A different conclusion would lead to a duplicative and unwieldy pleading that would benefit neither the parties nor the interests of justice. Thus, the Motion to Dismiss on shotgun pleading grounds is denied.

### B. Leave to Amend

Because Plaintiffs seek to drop Count II, the Court will dismiss the Complaint with leave to amend. *See also Perry v. Schumacher Grp. of Louisiana*, 891 F.3d 954, 958 (11th Cir. 2018) (in order to dismiss a single claim but not the entire action, the "most obvious" way is to seek leave to amend). The Court will otherwise deny the remaining substantive arguments made in the Motion to Dismiss without prejudice, with leave to refile a similar motion, if appropriate, after an Amended Complaint is filed.

Accordingly, it is now

**ORDERED:**

(1) The Complaint (Doc. 4) is dismissed without prejudice to filing an Amended Complaint by **June 21, 2019.**

(2) Defendant's Motion to Dismiss (Doc. 9) is **DENIED** to the extent it argues that the Complaint is a shotgun pleading and is otherwise **DENIED WITHOUT PREJUDICE.**

**DONE** and **ORDERED** in Fort Myers, Florida this 7th day of June, 2019.

*/s/ Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record